*529 OPINION of the Court, by
Judge Owsj.ey.
This suit was brought in equity for the purpose of compelling the appellees to surrender the legal title to an 800 acre tract of land, entered in the-, name of Weist, but the patent whereof, under an assignment upon the pi at and Certificate of survey, issued in the name of Voder.
The assignment of the plat and certificate is alleged by Weist never to have been made, either by himself or any other person legally authorised ; and he asserts his Claim to the land upon the ground that he still retains all the equity to which by the original entry he was enticed.
*530 The appellees repel the claim on the ground of their-being invested both with the legal and equitable right. They allege that Weist having sold to .a certain Conrad Curts 400 acres of land, and being unable to secure the same, Curts by his agent Yoder brought suit in the state of Pennsylvania, upwards of 25 years ago, for the purpose of obtaining recourse; and that whilst that suit was pending, a compromise was made between Yoder the agent, who had in the meantime purchased the beneficial interest in the suit, and the agent-of Weist, whereby the 800 acre tract in question was given to Yoder in satisfaction of the demand of Curts ; and that in consequence of an assignment under the compromise, the patent has been obtained in his name.
On a hearing in the court below, that court being of opinion the appellant failed to manifest a right to relief, dismissed his bill w ith costs.
That decree we- are of opinion is correct. That Yonder, in a compromise of the suit brought in the name of Curts, made with a certain Benedict Swope, acting as the agent of Weist, obtained a transfer by Swope for Weiit, of the 800 acre tract, is a proposition which from the exhibits in this cause cannot be controverted. The authority of Benedict Swope to make the compromise and transfer, does not, it is true, dearly appear ; nor do we suppose, under the peculiar circumstances of the case, that proof of such an authority is materia!. Were Yoder seeking the aid of a court of equity against Weist under the agreement with Swope, it would be admitted that before an execution of the agreement would be decreed, some evidence of Swope’s authority would be required ; but as Yoder is invested with the legal title, although it may not have been obtained by a strict observance of the rules of law, that title may be defended by the introduction of any evidence, either parol or written, which is calculated to repel the equity of Weist. Regarding this rule of evidence, we can have no hesitation in withholding relief from Weist: for notwithstanding Swope may not have had a legal authority to act, Jacob Swope, who is admitted to have had such authority, is shown to have approved of the acts of Benedict ; and Weist, by his subsequent conduct, has satisfactorily manifested such an acquiescence in, and confirmation of the compromise, as ought to preclude him from the aid of a court of equity.- Decree affirmed.